[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S AMENDED TO OPEN AND MODIFY CUSTODY CHILD SUPPORT (#162)
By motion filed January 24, 2001, the defendant seeks a modification of the child support order entered in the judgment of dissolution dated August 31, 1999, Axelrod, J.
The defendant claims that there has been a substantial change in circumstances in that his income is now significantly lower than it was at the time of the judgment, and the plaintiff's income is now lower. After reviewing the judgment file, and having considered the evidence adduced at the hearing, the court concludes that the defendant's financial affidavit and testimony regarding his present income is not credible. In the absence of credible evidence regarding the defendant's present income, the court does not find a substantial change in circumstances which would warrant modification of the present order.
The defendant is a veterinarian and he owns his own veterinary hospital, as he did on the date of judgment. In his memorandum of decision, dated August 31, 1999, Judge Axelrod found that defendant's gross business income for 1995 was $296,300, for 1996, $303,211, and for 1997, $359,032. For 1998 the gross business income was found to be approximately $340,000. Judge Axelrod also found that the defendant's gross weekly income was $1,538.46 and his net weekly income was $1051. He also found that the plaintiff's gross income was $877 and her net income was $645. The recommended support order for the defendant was found to be $298 per week. The parties, at that time, were sharing physical custody of their children, and Judge Axelrod did not find that to be a justification for deviation from the recommended child support amount.
At the present hearing, the defendant submitted a financial affidavit showing gross income of $1,192.30 per week and net income of $836 per week. Defendant's Exhibit A contains an income register for the veterinary hospital for the period of September 1, 1999 through January 5, 2001, sixteen months. The register shows net collections over that period of $444,636.63, or an average of $27,789 per month. Based upon this monthly average, the annualized income, for 2000, for the defendant's business is $333,477.
Defendant's Exhibit A also contains a statement of income for the CT Page 5288 hospital for the nine month period ending September 30, 1999. Annualized income for 1999, based on the first nine months income, is $339,120.
The court finds that the defendant's gross business income for 2000 and 1999 is substantially the same as it was when Judge Axelrod rendered his decision in August 1999. Considering the similarity in gross business incomes now and at the time of judgment, the court finds that a decrease of $346 in the defendant's gross weekly income during that period is not credible. The court is not persuaded that increased expenses accounted for the decrease in gross weekly income.
The plaintiff's income is presently $812 a week gross and $598 a week net. This $47 per week decrease from the time of the judgment does not constitute a substantial change in circumstances.
The defendant also claims that because the plaintiff had a domestic partner, deviation from the child support guidelines is warranted. The court does find that the defendant had a domestic partner on the date of the filing of modification, October 26, 2000, until January 31, 2001. This domestic partner did give the plaintiff money on a regular basis. These payments were approximately $300 a week. The plaintiff kept track of the domestic partner's contributions as well as the expenditures she attributed to him. After viewing this listing of income and expenses she found that she was spending more on the partner's behalf than she was receiving from him. She concluded that the relationship, literally, was not worth it, so she terminated it. The domestic partner left her household at the end of January 2001. The court notes that under the Child Support and Arrearage Guidelines Regulations § 46b-215a-1
(11)(B)(iv) "regularly recurring contributions or gifts of a domestic partner" are excluded from income. It is noted § 46b-215a-3 (b)(1)(D) does provide for a deviation on account of financial resources available to a parent, including contributions of a domestic partner, "but only if it is found that the parent has reduced his or her income or has experienced an extraordinary reduction of his or her living expenses as a direct result of such contributions or gifts." Considering the evidence presented, the court cannot conclude that there existed other financial resources to the plaintiff which would justify a deviation from the presumptive child support amounts.
The defendant claims that the shared custody arrangement justifies deviation from the presumptive child support amounts. The court finds that the present custody arrangement is the same one that existed when this case was heard by Judge Axelrod. The court does not find a substantial change in circumstances which justify modifying the present child support order based upon shared custody. CT Page 5289
Domnarski, J